# EXHIBIT A

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL DISTRICT
## IN AND FOR LEE COUNTY, FLORIDA

| | |
|---|---|
| **CLAIRE DEMANGET**, an individual,<br><br>                               Plaintiff,<br><br>v.<br><br>**SAMSUNG ELECTRONICS AMERICA, INC.**, a New Jersey Corporation;<br>**THE HOME DEPOT, INC.**, a Georgia Corporation; and **HOME DEPOT PRODUCT AUTHORITY, LLC**, a Georgia Limited Liability Company,<br><br>                               Defendants. | Case No.: |

## COMPLAINT

Plaintiff, **CLAIRE DEMANGET** (hereinafter referred to as "Plaintiff" or "Claire"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendants **SAMSUNG ELECTRONICS AMERICA, INC**; **THE HOME DEPOT, INC.**; and **HOME DEPOT PRODUCT AUTHORITY, LLC** (collectively referred to as "Defendants"), and alleges the following upon personal knowledge, information, belief, and investigation of counsel:

## NATURE OF THE CASE

1.    Defendants design, manufacture, market, import, distribute, and sell a wide-range of consumer home products, including the subject "Samsung Slide-in Electric Ranges," which specifically includes the Model Number NE63CB831512 (hereinafter referred to as "range(s)" or "subject range(s)") that is at issue in this case.

1

2.      Defendants collectively designed, manufactured, marketed, imported, distributed, and sold, the ranges, including the subject range, with a serious and dangerous defect. Said defect can cause significant risk of bodily harm and injury to its consumers; just as it did in this case.

3.      Specifically, the front-mounted knobs on the ranges that can be activated by accidental contact by humans or pets, posing a fire hazard. The Plaintiff in this case sustained serious and substantial bodily injuries and damages when one when on the knobs was inadvertently turned with the range cover still in place; causing her to seriously injury her hand.

4.      On August 8, 2024, the Consumer Products Safety Commission ("CPSC") announced a recall of over 1 million of Defendants' ranges, which includes the subject range, after receiving *"over 300 reports of unintentional activation of the front-mounted knobs by humans or pets since 2013."*[1]

5.      Defendants knew or should have known of these defects but nevertheless put profit ahead of safety by continuing to sell their ranges to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to timely recall the dangerously defective ranges despite the risk of significant injuries to Plaintiff and consumers like her.

6.      As a direct and proximate result of Defendants' collective conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF CLAIRE DEMANGET

7.      Plaintiff Claire Demanget is a resident and citizen of the City of Cape Coral, County of Lee, State of Florida.

---

[1] *See* the CPSC Recall Notice from August 8, 2024.
https://www.cpsc.gov/Recalls/2024/Samsung-Recalls-Slide-In-Electric-Ranges-Due-to-Fire-Hazard

2

8.    In or around August 2023, Claire purchased a brand-new Samsung Bespoke 30 Electric Range, Model Number NE63CB831512 from Home Depot.

9.    On or about February 16, 2024, Plaintiff suffered serious and substantial injuries as the direct and proximate result of one of the subject range's front-mounted knobs unexpectedly actively the range. The incident occurred as a result of Defendants' collective failure to design, manufacture, and sell ranges with safe and secure front-mounted knobs, despite the existence of economical, safer alternative designs and the ability to manufacture ranges without this dangerous defect.

## DEFENDANTS SAMSUNG ELECTRONICS AMERICA, INC.; THE HOME DEPOT, INC.; AND HOME DEPOT PRODUCT AUTHORITY, LLC

10.    Defendants collectively design, manufacture, market, import, distribute, and sell a variety of consumer home products including, *inter alia*, ranges.

11.    Defendant Samsung is a New Jersey Corporation, with both its registered place of business and its principal place of business located at 85 Challenger Road, Ridgefield Park, NJ 07660.

12.    Defendant The Home Depot is a Delaware Corporation, with its principal place of business located at 2455 Paces Ferry Road, City of Atlanta, County of Cobb, Georgia 30092.

13.    Defendant Home Depot Product Authority is a Georgia Limited Liability Company, with its principal place of business located at 2355 Paces Ferry Road, Building C-20, City of Atlanta, County of Cobb, Georgia 30092.   At all relevant times, Defendant Home Depot Product Authority's sole member has been The Home Depot, Inc.

## JURISDICTION AND VENUE

14.    This Court has personal jurisdiction over Defendant Samsung pursuant to Fla. Stat. § 48.193 in that Defendant Samsung engages in or carries on a business or business venture within this State, and/or committed a tortious act within this State.

3

15. This Court has personal jurisdiction over Defendants The Home Depot and Home Depot Product Authority pursuant to Fla. Stat. § 48.193 in that Defendants operate, conduct, engage in, or carry on a business or business venture(s) within this State, and/or committed a tortious act within this State.

16. Venue is proper in this Court is proper pursuant to Fla. Stat. § 47.011 in that Plaintiff is a resident and citizen of Lee County.

17. The amount in controversy exceeds the sum of fifty thousand ($50,000.00) dollars, exclusive of interest and costs.

## FACTUAL BACKGROUND

18. Defendants are engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the ranges at issue in this litigation.

19. In or around August 2023, Claire purchased a brand-new Samsung Bespoke 30 Electric Range, Model Number NE63CB831512 from Home Depot.

20. On February 12, 2024, Claire had a friend and her son, David, come over to help her repair her Samsung Microwave, which had begun to have issues. Claire would need to remove the microwave from where it was mounted above the range. As Claire and her friend looked at the microwave to take it down, they began to smell something odd, which they soon identified as the smell of burning. After searching for the source of the smell, they found that it was coming from the stove.

21. Claire quickly reacted and rushed over to the stove to figure out how it had turned on. She started to remove the stove cover, but as she touched it, the cover burned her. Claire began screaming that she was burned, realizing her stove had been on long enough to start melting the stove top cover.

22.    On August 8, 2024, the Consumer Products Safety Commission ("CPSC") announced a recall of over 1 million of Defendants' ranges, which includes the subject range, after receiving *"over 300 reports of unintentional activation of the front-mounted knobs by humans or pets since 2013."*[2]

23.    By reason of the forgoing acts or omissions, the above-named Plaintiff and her family used the subject range with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use,

24.    However, the aforementioned range was defectively designed, manufactured and by Defendants in that it failed to properly function in a safe manner during its ordinary, foreseeable, and proper use, placing the Plaintiff, her family, and similar consumers in danger while operating the range.

25.    Defendants' ranges possess defects that make them unreasonably dangerous for their intended use by consumers.

26.    Economic, safer alternative designs were available that could have prevented the range's knobs from turning inadvertently.

27.    As a direct and proximate result of Defendants' collective and intentional concealment of such defects, their failure to warn consumers of such defects, their failure to timely remove a product with such defects from the stream of commerce, and their negligent design of such products, Plaintiff used an unreasonably dangerous range, which resulted in significant and painful bodily injuries to Plaintiff.

28.    Consequently, the Plaintiff in this case seeks damages resulting from the use of

---

[2] *See* the CPSC Recall Notice from August 8, 2024.
https://www.cpsc.gov/Recalls/2024/Samsung-Recalls-Slide-In-Electric-Ranges-Due-to-Fire-Hazard

5

Defendants' range as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

<u>**CLAIMS FOR RELIEF**</u>

**COUNT I AS TO SAMSUNG ELECTRONICS AMERICA, INC.**
<u>**STRICT LIABILITY**</u>

29.     At the time of Plaintiff's injuries, Defendant Samsung's ranges were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

30.     Defendants' ranges were in the same or substantially similar condition as when they left the possession of the Defendant.

31.     Plaintiff and her family did not misuse or materially alter the subject range.

32.     The ranges did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

33.     Further, a reasonable person would conclude that the possibility and risk of serious harm outweigh the burden or cost of making the ranges safe. Specifically:

a.  The ranges designed, manufactured, sold, and supplied by Samsung were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b.  The seriousness of the potential injuries resulting from the product drastically outweigh any benefit that could be derived from its normal, intended use;

c.  Samsung failed to properly market, design, manufacture, distribute, supply, and sell the ranges, despite having extensive knowledge that the aforementioned injuries could and did occur;

d.  Samsung failed to warn and place adequate warnings and instructions on the ranges;

e.  Samsung failed to adequately test the ranges and/or ensure said testing was performed; and

6

    f.   Samsung failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

34.    Samsung's actions and omissions were the direct and proximate cause of Plaintiff's injuries and damages.

    **WHEREFORE**, Plaintiff demands judgment against Samsung for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## COUNT II AS TO SAMSUNG ELECTRONICS AMERICA, INC.
### NEGLIGENCE

35.    Samsung had a duty of reasonable care to properly and adequately design, manufacture, market, and sell non-defective ranges that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

36.    Samsung failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale, and marketing of the subject ranges in that it knew or should have known that said ranges created a high risk of unreasonable harm to the Plaintiff and consumers alike.

37.    Samsung was negligent in the design, manufacture, advertising, warning, marketing, and sale of it's ranges in that, among other things, it:

    a.   Failed to use due care in designing and manufacturing the ranges to avoid the aforementioned risks to individuals;

    b.   Placed an unsafe product into the stream of commerce; and

    c.   Were otherwise careless or negligent.

**WHEREFORE**, Plaintiff demands judgment against Samsung for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## COUNT I AS TO THE HOME DEPOT, INC. & HOME DEPOT PRODUCT AUTHORITY, LLC
## STRICT LIABILITY

38. At the time of Plaintiff's injuries, The Home Depot, Inc. and the Home Deport Product Authority, LLC's (collectively "Home Depot") ranges were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

39. Home Depot's ranges were in the same or substantially similar condition as when they left the possession of the Home Deport.

40. Plaintiff and her family did not misuse or materially alter the subject range.

41. The ranges did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

42. Further, a reasonable person would conclude that the possibility and risk of serious harm outweigh the burden or cost of making the ranges safe. Specifically:

   a. The ranges sold and supplied by Home Depot were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential injuries resulting from the product drastically outweigh any benefit that could be derived from its normal, intended use;

   c. Home Depot failed to properly market, distribute, supply, and sell the ranges, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Home Depot failed to adequately test the ranges and/or ensure said testing was performed; and

e.  Home Depot failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

43.    Home Depot's actions and omissions were the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Home Depot for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

### COUNT II AS TO THE HOME DEPOT, INC.& HOME DEPOT PRODUCT AUTHORITY, LLC
### NEGLIGENCE

44.    The Home Deport had a duty of reasonable care to properly and adequately market and sell non-defective ranges that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

45.    Likewise, the Home Depot Defendants had a duty of reasonably care to import, market, and sell non-defective ranges that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

46.    The Home Depot failed to exercise ordinary care in the sale, quality assurance, distribution, advertising, promotion, sale, and marketing of the subject ranges in that Home Depot knew or should have known that said ranges created a high risk of unreasonable harm to the Plaintiff and consumers alike.

47.    The Home Depot was negligent in the advertising, warning, marketing, and sale of it's ranges in that, among other things, it:

a.  Failed to use due care in designing and manufacturing the ranges to avoid the aforementioned risks to individuals;

b.  Placed an unsafe product into the stream of commerce; and

9

c.  Were otherwise careless or negligent.

**WHEREFORE**, Plaintiff demands judgment against Home Depot for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.  Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## DEMAND FOR JURY TRIAL

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, including punitive damages if applicable, to which she is entitled by law, as well as all costs of this action and interest, to the full extent of the law, whether arising under the common law and/or statutory law, including:

d.  judgment for Plaintiff and against Defendants;

e.  damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendants' range;

f.   pre and post judgment interest at the lawful rate;

g.  a trial by jury on all issues of the case; and

h.  for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully Submitted,

Dated: January 29, 2026

**JOHNSON BECKER, PLLC**

*/s/ Lisa A. Gorshe, Esq.*
Lisa A. Gorshe, Esq. (FL #122180)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
lgorshe@johnsonbecker.com

***Attorneys for Plaintiff***

11