UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLAIRE DEMANGET,

     Plaintiff,

   v.

SAMSUNG ELECTRONICS
AMERICA, INC, A NEW JERSEY
CORPORATION; AND THE HOME
DEPOT U.S.A., INC.,

     Defendants,

Case No. 2:26-cv-787-KCD-KRH

## <u>ORDER</u>

Plaintiff Claire Demanget alleges that the front-mounted knobs on her Samsung electric range are dangerously easy to turn on. So easy, in fact, that one inadvertently activated while she was working near the appliance and burned her. She now brings strict liability and negligence claims against the range's manufacturer, Samsung Electronics America, Inc., and its seller, The Home Depot U.S.A., Inc. (collectively "Defendants"). (Doc. 34.)[1]

Defendants seek to dismiss the complaint. (Doc. 40.) They argue that the lawsuit is an improper "shotgun pleading," that Demanget fails to pinpoint a specific design defect, and that she cannot draw a causal link between any such defect and her injuries. (*Id.* at 2-3.) The Court disagrees on every level. At the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

pleading stage, a plaintiff need only tell a plausible story of liability. Demanget has done exactly that. So for the reasons below, Defendants' motion to dismiss is **DENIED**.

## I. Background

The facts alleged are straightforward. Demanget was attempting to repair a microwave mounted directly above her Samsung electric range. (Doc. 34 ¶ 20.) While doing so, she noticed a burning smell. She went to remove the range cover and suffered severe burns. The range, it turned out, had inexplicably turned on—and had been generating heat long enough to melt the stovetop cover. (*Id.* ¶¶ 21-22.) The complaint levels two claims against each company: strict products liability for a design defect, and negligence. Demanget's theory of the case is simple: the range is defective and unreasonably dangerous because its front-mounted knobs can be inadvertently activated, a flaw that flouts established industry safety standards. (*Id.* ¶¶ 23-27.) She contends that both Samsung and Home Depot breached their duty of reasonable care to manufacture and market a non-defective product to consumers.

## II. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A

2

claim is facially plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The question at this stage is not whether the plaintiff will ultimately win, but simply whether the complaint can proceed into discovery.

At this starting gate, we must accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). That benefit of the doubt, however, has limits. The court is not bound to accept legal conclusions dressed up as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading that offers nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not unlock the courthouse doors. *Id.* In short, the plaintiff must tell a factual story that makes the defendant's liability plausible, not just point a finger and recite the law. *See, e.g.*, *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

### III. Discussion

Defendants first lodge a procedural objection. They claim the complaint is an impermissible "shotgun pleading" because it sweeps Samsung and Home Depot into the same factual allegations without distinguishing between the two. (Doc. 40 at 3.)

To be sure, the Eleventh Circuit has condemned shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-33 (11th Cir.

3

2015). The doctrine is designed to prevent complaints that are so vague, disjointed, or repetitive that a defendant cannot discern what they are being sued for. *See, e.g.*, *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1208 (11th Cir. 2019). Still, defendants cannot simply shout "shotgun pleading" to make a legible complaint vanish. *See Aria Dental Grp., LLC v. Farmers Ins. Exch.*, 528 F. Supp. 3d 1359, 1363 (M.D. Ga. 2021).

Demanget's complaint gives Defendants exactly the notice they are entitled to. While the factual narrative refers to them collectively in certain places—which makes sense given they are both in the distribution chain for the allegedly defective appliance—the pleading is far from unintelligible. *See 1-800-411-I.P. Holdings, LLC v. Georgia Inj. Centers, LLC*, 71 F. Supp. 3d 1325, 1330 (S.D. Fla. 2014). Demanget tells a single, easy-to-follow story about how she bought a Samsung range at Home Depot, how its knob inadvertently activated, and how she was severely burned as a result.

More importantly, when it comes to the actual claims, Demanget does what the rules require. She separates her theories of liability, asserting discrete counts for strict liability and negligence against Samsung and then Home Depot. (*See* Doc. 34.) Defendants know what product is at issue, what the alleged defect is, and what role they allegedly played. Because Defendants have fair and adequate notice of the claims brought against them, the shotgun

4

pleading argument fails. *See, e.g.*, *Green v. Miami-Dade Cnty.*, No. 08-20016-CIV, 2008 WL 11333589, at *1 (S.D. Fla. Oct. 16, 2008).

Turning to the merits, Defendants argue that Demanget fails to plausibly allege causation because she does not explain "how or why the knob was activated" or "what caused it to turn." (Doc. 40 at 6.) They complain that alleging the stove "unexpectedly activated," as here, leaves a logical gap between the design of the range and the injury. (*Id.*)

Defendants demand too much. At this stage, a plaintiff need not submit an engineering report or definitively prove the exact mechanics of her accident. She need only provide enough facts to allow the court to draw a reasonable inference that the defective product caused her harm. *See, e.g.*, *Dye v. Covidien LP*, 470 F. Supp. 3d 1329, 1336 (S.D. Fla. 2020) ("Under Florida law, plaintiffs are not required to set forth the precise chemical, biological, or other process by which the defective product causes the alleged harm in a motion to dismiss.").

Demanget has done enough here. Her complaint draws a straight line from the alleged defect to her injury. She alleges that the range's front-mounted knobs suffer from a specific flaw: they are prone to being turned on by inadvertent contact. She then tells us exactly what she was doing when the hazard materialized: she was working directly above the range, attempting to remove a mounted microwave. It takes no great leap of logic to infer the rest of

5

the story. While Demanget and her friend were working, the knob was inadvertently brushed, turning on the heat. That melted the stovetop cover, and when she touched it to investigate the smell, she was severely burned. That is a textbook chain of causation.

Defendants' insistence that Demanget must plead exactly *how* the knob was turned on—whether by an elbow or a hip—asks for a level of detail that the Federal Rules do not require. *See, e.g., Hicks v. Bombardier Recreational Prods. Inc.,* 684 F. Supp. 3d 1223, 1244 (S.D. Fla. 2023). Demanget's factual allegations "nudge[] [her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570 (2007). Nothing more is needed.

Defendants' final argument fares no better. They insist that Demanget has failed to plead a cognizable product defect, characterizing her allegations as empty labels and "legal buzzwords." (Doc. 40 at 9.) Not so. The complaint does not just throw around the phrase "unreasonably dangerous" in a vacuum. It points to a specific problem: the front-mounted knobs on this Samsung range are so sensitive that they can be turned on by mistake. And to back this up, Damanget claims that Defendants' design choice violates concrete industry safety standards—"UL Standard 858 or IEC 60350-1"—meant to prevent this type of inadvertent activation. (Doc. 34 ¶ 27.) That is not an empty legal conclusion; it is a clear factual allegation.

## IV. Conclusion

The Court can easily read the complaint and discern what Demanget alleges happened, what the defect is, and who is responsible. Perhaps she will ultimately fall short of proving her claims. But at this stage, we do not weigh the evidence or predict the winner. Demanget has told a plausible, coherent story of liability, and so the case will move forward. Defendants' Motion to Dismiss (Doc. 40) is thus **DENIED**.

**ORDERED** in Fort Myers, Florida on July 16, 2026.

Kyle C. Dudek
United States District Judge